FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRINEO L., JR.[1]<br>　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　Defendant. | No. 4:18-cv-05127-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 18, 20 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 20. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 18, and denies Defendant's Motion, ECF No. 20.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER - 3

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 26, 2014, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging a disability onset date of November 2, 2013. Tr. 285-92. The applications were denied initially, Tr. 168-89, and on reconsideration, Tr. 192-210. Plaintiff appeared at a hearing before an administrative law judge on May 8, 2017. Tr. 57-96. On June 28, 2017, the ALJ denied Plaintiff's claims. Tr. 18-40.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 2, 2013. Tr. 24. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease of the lumbar and cervical spine, left shoulder degenerative joint disease, migraine headaches, and obesity. Tr. 24. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 25. The ALJ then concluded that Plaintiff had the RFC to perform sedentary work with the following limitations:

> [Plaintiff] needs to be able to alternate positions from sitting to standing or walking every hour. He can occasionally climb ramps and stairs, stoop, kneel, and crouch, and never crawl, climb ropes, ladders, or scaffolds, or reach overhead with his non-dominant left upper extremity. He should avoid all exposure to excessive vibrations and hazards, such as moving machinery and unprotected heights. He can perform no more than simple, routine tasks due to his physical impairments.

Tr. 25-26.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 31. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as addresser, final assembler, and microfilm document preparer. Tr. 31-32. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from November 2, 2013, the alleged onset date, through the date of the ALJ's decision. Tr. 32.

ORDER - 7

On May 23, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability income benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises one issue for this Court's review: Whether the ALJ properly evaluated the medical opinion evidence. ECF No. 18 at 2.

## DISCUSSION

**A.     Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of James Opara, M.D., Robert Whitson, D.O., and Jesus Marcelo, M.D. ECF No. 18 at 14-24.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining

physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2011) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

On December 7, 2014, examining physician James Opara, M.D., conducted a consultative physical examination of Plaintiff. Tr. 533-37. Dr. Opara reported

ORDER - 9

that Plaintiff's right shoulder was normal, however, he observed that Plaintiff had "weakness and limited range of motion of the left shoulder." Tr. 535-36. Dr. Opara noted that Plaintiff's left shoulder forward elevation was 90 degrees, abduction was 60 degrees, adduction was 50 degrees, external rotation was 30 degrees, internal rotation was 40 degrees, and backward extension was 30 degrees. Tr. 536. Dr. Opara diagnosed Plaintiff with degenerative disc disease of the lumbar spine, multilevel degenerative disc disease of the cervical spine involving C3-C4, C4-C5, and C5-C6, chronic headache, and rotator cuff disease of the left shoulder with diminished range of motion and weakness of the joint. Tr. 536-37. Dr. Opara opined that Plaintiff could frequently lift and carry 10 pounds, his maximum standing/walking capacity in an eight-hour workday with normal breaks was less than two hours, and his maximum sitting capacity in an eight-hour workday was without limitation. Tr. 537. Dr. Opara determined that working at heights was limited for Plaintiff, and he could occasionally climb, balance, stoop, kneel, crouch, and crawl. Tr 537. He opined that Plaintiff had no limitations on reaching with his right side, and no limitations on handling, fingering, or feeling with either hand. Tr. 537. Dr. Opara opined that due to the weakness and limited motion of his left shoulder joint, reaching with Plaintiff's left upper extremity would be limited (as opposed to no reaching restrictions other than never reaching overhead with his left upper extremity, as found by the ALJ). Tr. 25-26, 537.

ORDER - 10

The ALJ gave Dr. Opara's opinion great weight but failed to account for, or discuss reasons for rejecting, Dr. Opara's opined reaching limitations in the RFC. Tr. 29. Because Dr. Opara's assessment regarding Plaintiff's reaching restrictions was contradicted by the nonexamining opinion of Norman Staley, M.D., Tr. 138, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Opara's opinion as to Plaintiff's limited ability to reach in all directions.[2] *Bayliss*, 427 F.3d at 1216. Instead, the ALJ fully credited Dr. Opara's medical opinion as to Plaintiff's limitations.

However, in fashioning the RFC, the ALJ found that Plaintiff was unable to reach overhead with his left upper extremity, while Dr. Opara, to whom he assigned great weight, opined that Plaintiff was limited in his ability to reach in general with his left upper extremity. Tr. 29, 537. The ALJ did not explain his reasons for rejecting Dr. Opara's full reaching limitations and instead adopting only a selected portion of these limitations. The ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the

---

[2] Dr. Staley opined that Plaintiff was limited only in his ability to reach overhead with his left side. Tr. 138.

ORDER - 11

ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Plaintiff argues that the record does not support the ALJ's determination that he could reach in all directions except overhead, as Dr. Opara's opinion about Plaintiff's reaching limitations was repeated in other locations in the record. ECF No. 18 at 22; *see, e.g.,* Tr. 1119 (Dr. Jacobs opined that Plaintiff could never reach with his left upper extremity, as well as never work above shoulder level); Tr. 564, 585-86, 639, 695 (Plaintiff was consistently noted to have limited range of motion in his left upper extremity). Defendant argues that the ALJ reasonably incorporated Dr. Opara's opinion regarding Plaintiff's reaching limitations into the RFC, as the ALJ restricted Plaintiff to sedentary work and work that never required Plaintiff to reach overhead with his left upper extremity. ECF No. 20 at 6-7. This argument is not persuasive. Neither limiting Plaintiff to sedentary work nor restricting him from overhead reaching addressed Plaintiff's limitations on reaching in all other directions. The ALJ's rationale for formulating Plaintiff's RFC to include unlimited left side reaching in all directions (except overhead) is absent, and therefore unsupported in this case. The ALJ failed to provide specific and legitimate reasons supported by

ORDER - 12

substantial evidence for discounting Dr. Opara's opinion that Plaintiff was limited to reaching in all directions with his left side when formulating the RFC, while stating that he assigned great weight to Dr. Opara's opinion. The Court finds that the ALJ committed reversible error by failing to include the credited reaching limitations in the RFC.

This error is not harmless. The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Opara, an examining physician, opined that Plaintiff had physical limitations that restricted his ability to reach with his left upper extremity. Tr. 537. Neither the ALJ nor Plaintiff's counsel questioned the vocational expert about limitations on Plaintiff's ability to reach in all other directions. Further, although the vocational expert identified three jobs that Plaintiff would be able to perform despite a restriction to never reach overhead with his left upper extremity, the vocational expert did not testify as to whether the identified jobs would require Plaintiff to reach in all other directions. The vocational expert confirmed that his testimony was consistent with the Dictionary of Occupational Titles (DOT), with the

ORDER - 13

exception of the information he provided pertaining to the statistical number of jobs that could be performed that would provide a reasonable sit/stand option and no overhead reaching. Tr. 91-92. The vocational expert testified that the sit/stand option and restriction against overhead reaching was not included in the DOT but was instead based upon his professional experience as a vocational consultant for many years. Tr. 91-92. Based on this record, the Court cannot confidently conclude that the disability determination would remain the same were the RFC to properly incorporate the entirety of Dr. Opara's fully credited opinion. On remand, the ALJ is instructed to craft an RFC that includes all of Dr. Opara's reaching limitations and to pose hypotheticals to the vocational expert that contain these limitations.

**B. Other Challenges**

Plaintiff raises other challenges to the ALJ's evaluation of the medical opinion evidence. ECF No. 15 at 5-9, 14-21. However, because this case is remanded for the ALJ to formulate an RFC that includes all of Dr. Opara's reaching limitations and to pose hypotheticals to the vocational expert that contain these limitations, the Court declines to address Plaintiff's other challenges here. However, the Court briefly addresses the following. If the ALJ is to discount the October 2015 opinion of Dr. Whitson, Tr. 674-76, and the September 2016 opinion of Dr. Marcelo, Tr. 677-79, the ALJ must provide specific and legitimate reasons

ORDER - 14

for discounting them. Defendant concedes that the ALJ likely erred in rejecting these opinions partly on the basis that the evaluations were conducted for the purpose of determining Plaintiff's eligibility for state assistance and the definitions of limitations used by DSHS differ from the definitions contained in the Social Security regulations for assessing disorders. ECF No. 20 at 11-12 (citing Tr. 30). The regulations require that every medical opinion will be evaluated, regardless of its source. 20 C.F.R. § 416.927(c). On remand, the ALJ is instructed to conduct a new sequential analysis, including reevaluating the other medical opinion evidence in light of the fully credited reaching limitations.

**C.    Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 18 at 24.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler*, 775 F.3d at 1099.

ORDER - 15

However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, the ALJ erred by failing to incorporate into the RFC Dr. Opara's opinion regarding reaching limitations despite fully crediting his assessed limitations. Neither the RFC nor the hypotheticals posed to the vocational expert discussed or addressed these reaching limitations. As a result, there is no vocational expert testimony that indicates whether or not these reaching limitations would compel disability. Therefore, further proceedings are necessary for the ALJ to craft a new RFC, question a

vocational expert based upon the new RFC that incorporates all of Dr. Opara's credited reaching limitations, and reevaluate the other medical opinion evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 21, 2019.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 17